FILED

NOT FOR PUBLICATION

MAY 02 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANASTACIO SILVA-NUNEZ, AKA
Horalio Silva Arreola, AKA Chito Silva-
Nunez,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No. 15-70123

Agency No. A089-839-971

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 6, 2017
Seattle, Washington

Before:  KOZINSKI and W. FLETCHER, Circuit Judges, and BLOCK,[**] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

1. We lack jurisdiction to review the BIA's factual determination that Silva-Nunez's failed to meet the one-year deadline to file for asylum because he was afraid of deportation and ignorant of asylum rather than due to his alleged PTSD. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). Because we lack jurisdiction, we deny Silva-Nunez's motion to take judicial notice of documents related to this claim [Dkt. #14].

2. The BIA did not err in concluding that Silva-Nunez failed to carry his burden to show that "people who expressed their opposition to the drug cartel members" is a "particular social group" and thus that Silva-Nunez is ineligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). Silva-Nunez failed to offer evidence that he, like the asylum-seeker in *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084-85 (9th Cir. 2014), had engaged in public opposition to the cartels. His opposition to gang recruitment by gang members, without more, did not establish the requisite social distinction of the claimed group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 861-62 (9th Cir. 2009), abrogated on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013).

3. The IJ's and BIA's determination that Silva-Nunez failed to show "that it is more likely than not that he . . . would be tortured if removed to" Mexico, 8 C.F.R. § 208.16(c)(2), was not "supported by reasonable, substantial, and probative

evidence on the record considered as a whole." *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011) (citations and internal quotation marks omitted). The IJ found that Silva-Nunez "failed to present any evidence that anyone in the gang has tried to contact him" since his kidnapping and that Silva-Nunez "failed to identify anyone in Mexico who would want to harm him or know that he was asked to join the gang, accepted but then fled the country." The BIA affirmed the IJ's decision in part on this basis. The factual basis for the BIA's affirmance is fatally flawed. Silva-Nunez presented credible testimony that a specific, named individual had arranged for his kidnapping by the cartel, had been in contact with Silva-Nunez after the kidnapping, and had warned Silva-Nunez not to tell anyone about the incident.

The BIA further erred as a matter of law in concluding Mexican officials would not acquiesce to Silva-Nunez's torture. First, the BIA failed to consider the attitudes or actions of local Mexican officials, instead considering only federal efforts to control gangs. *See Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013). Second, the BIA erred in finding that the difficulty of "disentang[ling] inability from unwillingness" weighed *against* a finding of official acquiescence. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017) ("[T]he BIA

3

focused only on the national government's efforts and not their efficacy, which was mistaken under *Madrigal*.").

Silva-Nunez presented credible testimony, both his own and that of an expert on Mexican gangs, as well as documentary evidence, compelling the conclusion that "it is more likely than not that he would be tortured if removed" to Mexico. 8 C.F.R. § 208.16(c)(2). We remand to the BIA so that it may consider, after correcting the above-described errors, whether Silva-Nunez is able to relocate within Mexico to avoid torture. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015). **Each party to bear its own costs.**

**PETITION GRANTED.**